UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

-vs-

ADAM HUSSAIN IBRAHEEM,

        Defendant.
_____/

Case No. 09-CR-20549-09
Hon. Denise Page Hood

## DEFENDANT ADAM HUSSAIN IBRAHEEM
## SENTENCING MEMORANDUM

Adam Hussain Ibraheem is a 39 year old resident of the City of Detroit who has had a difficult life. Although raised in the Detroit area he has on occasion resided in other parts of the country. He was raised devout Muslim. His contacts with the criminal justice system arose in acts of desperation to support himself and family. In the instant case the Rule 11 plea before this Court on Count I of the indictment involves the Defendant assisting others in the transportation and receipt of stolen property. There are no allegations that Mr. Ibraheem had ever been involved in advocating violence against others or that he had received martial arts and/or weapons training.

Mr. Ibraheem has been in custody since his arraignment when Defendant consented to detention. Defendant presently has a parole detainer from the Michigan Department of Corrections. Even upon release from sentence on this case he may have to address potential additional custody issues with the State of Michigan.

In the case before this Court Mr. Ibraheem accepted responsibility for moving stolen property from one location to another. It is not alleged, and Mr. Ibraheem did not participate in

any activity that involved the possession and training of weapons and the advocacy of violence against the United States government or law enforcement.

Mr. Ibraheem and his wife, Shiela Brewer, have had a difficult time making ends meet. They have been living hand-to-mouth and are clearly indigent. This financial condition made Mr. Ibraheem more susceptible to the persuasiveness of Luqman Abdullah when he requested Defendant to assist in transporting stolen property. For all the millions of dollars that have been expended in this investigation and involvement of countless federal agents Defendant Ibraheem received only several hundred dollars for his trouble. But for the Defendant's previous contacts with the law for both misdemeanors and minor non-violent felonies, Defendant would be facing a probationary sentence.

Defendant Ibraheem requests this Court exercise its discretion to impose a sentence "sufficient but not greater then necessary" to achieve the sentencing purposes of USC § 3553 (a)(2). The purposes enumerated by the statute include retribution, deterrence, incapacitation and rehabilitation. *United States v Presley*, 547 F 3d 625 (6th Cir 2008). The presentence investigation report provides byway of an analysis of criminal history some older non-violent property offenses that increased the criminal history category to a Level 5. These older offenses might not have been included but for the substantial time gap between the offense and the closure of the case. This Court can take this into account when determining its ultimate sentence and taylor the sentence to the specific conduct of the Defendant, his background, and a likelihood of his recidivism. The United States Supreme Court in *United States v Booker*, 542 US 220 (2005) and *United States v Gall*, 128 US 586 (2007) altered the requirements that required strict adherence to sentence guidelines by a sentencing court. These cases have drastically changed the sentencing

process. Now sentence guidelines are "advisory" rather then mandatory. No special way is to be attributed to the advisory guidelines over and above any other factors that might be considered in 18 USC § 3553. *United States v McBride*, 434 F3d 470 (6th Cir 2006).

In analyzing how the district court should proceed the court should calculate applicable guidelines. The advisory guidelines are now one of seven factors listed in 18 USC § 3553(a). The court must consider the "core mission of the Booker remedial opinion by assuring that its exercising its independent judgment in sentencing criminal defendants within statutory limits." *United States v Buchanan*, 449 F3d 731 (6th Cir 2006). This Court then must satisfy the procedural requirements at sentencing including:

1. Making all findings of fact necessary to apply the guidelines to the Defendant;

2. Calculate guidelines sentencing range correctly;

3. Determine whether to grant a downward departure or an upward departure from the guidelines;

4. Recognize the court's discretion to issue a sentence that varies from the guidelines;

5. Consider the section 3553(a) factors in exercising independent judgment about what the appropriate sentence should be;

6. Account for any relevance statutory minimum and maximum sentences, and;

7. Give a reasonable explanation for the sentence.

*Buchanan*, at 738, 739. See also, *United States v Duane*, 533 F3d 450 (6th Cir 2008).

The Defendant's criminal history as outlined by United States Probation assesses two more points than those contemplated by either prosecution or defense. Specifically, the difference

3

was found in paragraph 36 of the presentence investigation. This indicates that at age 24, in 1995, Defendant was arrested in New Jersey for a 3rd degree felony for "pirating records". Following this charge there was a gap of years before the case was finally resolved in March of 2000. On that date he was given a sentence of time served and the Defendant moved to Michigan.

The 1995 arrest in New Jersey when combined with the other minor property crimes for violation of intellectual property resulting in a criminal history category that over represent the seriousness of past criminal conduct and/or exaggerates the Defendant's propensity to commit additional crimes. See, *People v Collington*, 461 F3d 805 (6th Cir 2006). When looking at the prior conduct of the Defendant it appears that Defendant's economic hardship resulted in the buying and selling audio and visual recordings. Defendant's economic woes are well documented in the presentence report that indicates that he lacks any assets and, for different portions of his life had a difficult time finding employment beyond being a general laborer or a construction worker. Mr. Ibraheem has outstanding debts in the thousands of dollars which include outstanding cell phones and medical bills.

Mr. Ibraheem has a history of psychiatric issues. He had what he describes as a "mental breakdown" at the time he was charged with an offense in Massachusetts. Mr. Ibraheem had been on anti-depressants and has fought through bouts of depression for a period of years. Despite knowing that he still has to deal with a state term of incarceration Mr. Ibraheem is eager to renew his life with his wife, Ms. Brewer. Mr. Ibraheem's detention for the lengthy period of time, (490 days) largely in the Wayne County Jail, has created additional stress in Mr. Ibraheem's life. The Defendant would request that this Court when considering the advisory nature of the guidelines, sentence the Defendant to a period of time which he has already served in custody. Ultimately,

Mr. Ibraheem will have to undergo the supervision of supervised relief for a period of years as well as be re-paroled by the Michigan Department of Corrections. Additionally, since there is a parole hold for the instant case Defendant would request that any placement while processing his release from federal custody occur in the Eastern District of Michigan. This would facilitate the Michigan Department of Corrections in promptly resolving any outstanding issues.

                                  Respectfully submitted,

                                  _____/s/_____
                                  Marshall E. Goldberg P35788
                                  Attorney for Defendant
                                  Ford Building
                                  615 Griswold, Suite 1125
                                  Detroit, Michigan 48226
                                  (313) 962-4090
                                  FAX: (313) 962-8086
                                  megoldberg2003@yahoo.com

Dated: February 28, 2011

UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

        Plaintiff,

-vs-

ADAM HUSSAIN IBRAHEEM,

        Defendant.
_____/

Case No. 09-CR-20549-09
Hon. Denise Page Hood

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2011, I electronically filed the foregoing Defendant Adam Hussain Ibraheem Sentencing Memorandum and Objections To Presentence Report with the Clerk of the Court using the ECF system which will send notification of such filing to Cynthia Oberg, Assistant United States Attorney, and I hereby certify that I have faxed (234-5590) a copy to non-ECF participant Russell LaForet, United States Probation.

                /s/
Marshall E. Goldberg P35788
Attorney for Defendant
Ford Building
615 Griswold, Suite 1125
Detroit, Michigan 48226
(313) 962-4090
FAX: (313) 962-8086
megoldberg2003@yahoo.com

Dated: February 28, 2011